**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
1205 NW 25th Avenue
Portland, Oregon 97210
t: 503.922.2243
f: 503.877.1768

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MELISSA GOLDBECK**,<br><br>  Plaintiff,<br><br>  v.<br><br>**CANBY SCHOOL DISTRICT 86**, an Oregon public corporate entity by and through the **BOARD OF DIRECTORS OF CANBY SCHOOL DISTRICT 86**,<br><br>  Defendant. | Case No.  3:20-cv-540<br><br>**COMPLAINT**<br>(Section 504, ADA, and Negligence)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.

Federal court jurisdiction exists pursuant to 42 U.S.C. § 12101 et seq. and 42 U.S.C. § 1983. Supplemental jurisdiction arises under 28 U.S.C. § 1367 for common law and state of Oregon claims.

2.

Venue is proper in the U.S. District Court of Oregon, Portland Division because all acts alleged herein occurred in Clackamas County, state of Oregon.

## PARTIES

3.

At all material times, Plaintiff Melissa Goldbeck ("Plaintiff") was and is a resident and domiciliary of Clackamas County, Oregon, and attended school within Defendant Canby School District pursuant to ORS 339.010 and 339.020.

4.

At all material times, Defendant Canby School District 86, by and through the Board of Directors of Canby School District 86 (collectively "Canby SD"), is and was an Oregon public corporate entity doing business in Canby County, Oregon. Canby SD is a public school district, providing public school education from kindergarten through the twelfth grade pursuant to ORS 332.072, and is responsible for and operates numerous schools, school activities, and programs.

## STATEMENT OF THE CASE

5.

The District warrants and accepts the burden and responsibility of keeping its students safe including adherence to the American with Disabilities Act (Canby SD Policy ACA) and Section 504 of the Rehabilitation Act.

6.

Since at least 2016, Canby SD was aware of and notified its staff that Plaintiff had a fainting disorder (Syncope of unknown origin). On February 27, 2017 Canby SD created, implemented, and published a 504 Plan for Plaintiff, which was annually reviewed and updated.

7.

On or about August 16, 2018 Plaintiff's mother met with Canby SD to discuss Plaintiff's stage safety for the new school year. Plaintiff has excellent grades, which were impacted by her numerous medical absences, and participated in her high school band (playing and as band major), orchestra, and choir.

8.

On or about August 24, 2018, Plaintiff was allowed to walk on the stage, near the edge, unaccompanied. Plaintiff experienced a syncopal episode, fainted, and fell off the stage sustaining injuries.

9.

There was insufficient supervision at the time of Plaintiff's fall.

10.

The District's administration, teachers, staff, and employees knew or should have known, and had notice of Plaintiff's history and need for accompaniment when walking – especially in areas where a fall could occur.

11.

Canby SD failed to implement reasonable accommodations which would have prevented Plaintiff from sustaining injury, and failed to take reasonable steps to supervise Plaintiff.

12.

Plaintiff timely gave notice of this tort claim, or alternatively, has timely filed this action.

/ / / /

/ / / /

/ / / /

## FIRST CLAIM FOR RELIEF

(Section 504)

13.

Plaintiff realleges and incorporates by reference paragraphs 1 through 12, above.

14.

Plaintiff is a person with disabilities, and her disabilities substantially limit major life activities including, but not limited to, education, learning, reading, concentrating, thinking, and communicating.

15.

Canby SD was and is aware of Plaintiff's disabilities and discriminated against Plaintiff by denying her accommodations, which denied her opportunities to participate in and receive a public school education and related public school activities.

16.

Canby SD receives Federal monies through various grants and other means.

17.

As a result of Canby SD's deliberate indifference toward Plaintiff, she suffered fear, embarrassment, humiliation, anxiety, worry, and stress all to her economic and noneconomic damages in an amount to be proven at trial.

18.

Plaintiff is entitled to an award of their attorney fees and costs pursuant to 29 USC § 794a.

/ / / /

/ / / /

/ / / /

## SECOND CLAIM FOR RELIEF

(ADA)

19.

Plaintiff realleges and incorporates by reference paragraphs 1 through 18 above.

20.

Plaintiff is a qualified individual with disabilities who was denied the benefits of her public school education and its component parts of learning, reading, concentrating, thinking, and communicating, which are major life activities.

21.

It was known to Canby SD that Plaintiff was and is a qualified individual with disabilities. Canby SD knowingly decided to deny Plaintiff the opportunity to receive a public school education by denying her accommodations.

22.

Canby SD's conduct and disregard for the safety and well-being of Plaintiff constitutes an ongoing and continuous violation of the ADA. Unless restrained from doing so, Canby SD will continue to violate the ADA. Unless enjoined, Canby SD conduct will continue to inflict injuries upon disabled students, including Plaintiff, for which there is no adequate remedy at law.

23.

The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities, as well as compensation and reasonable attorney fees and costs pursuant to 42 USC § 12132 via 29 USC § 794a.

/ / / /

/ / / /

## THIRD CLAIM FOR RELIEF

(Negligence)

24.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 above.

25.

Plaintiff and the District are in a special relationship of educators to student. Plaintiff was entrusted to the District's care and it has the special duty to assure her safety through close supervision during school hours and on school grounds.

26.

Plaintiff was harmed and injured when Canby SD failed to implement her accommodations and provide supervision during school hours and on school grounds.

27.

The District's lack of supervision and accommodations breached its duties of care to Plaintiff, which breach allowed for and caused her injuries.

28.

Plaintiff's injuries were due in whole or in part to the acts and omissions of Canby SD who were negligent in one or more of the following respects:

    a.       In failing to supervise Plaintiff;

    b.       In failing to provide accommodations to Plaintiff;

    c.       In failing to have medically trained staff present to respond to emergencies;

    d.       In failing to train its teachers, employees, and agents on supervising Plaintiff;

    e.       In failing to train its teachers, employees, and agents on District policies;

29.

As a direct and foreseeable result of Canby SD's negligence as set forth above, Plaintiff suffered economic damages as follows: medical treatment in an amount to be proved at trial but which presently does not exceed $5,000.00. Canby SD also required Plaintiff's mother to be present at school and various school events, or Plaintiff would be barred from school and school related activities. The reasonable value of such services are $70,000 annually, or such amount to be proved at trial.

30.

As a further result of Canby SD's negligence, Melissa Goldbeck sustained the following injuries and noneconomic damages, all of which were reasonably foreseeable, and some of which may be permanent:

   (a)   Head Injury;

   (b)   Mid Back injury;

   (c)   Soreness, bruising;

   (d)   Pain, discomfort, suffering, stress, and worry;

   (e)   Loss of educational opportunities; and

   (f)   Inconvenience and interference with usual and everyday activities.

All to her noneconomic damage in an amount determined by the jury to be fair and reasonable.

WHEREFORE, Plaintiffs prays for the following relief:

On his First, Second, and Third Claims for Relief:

1.   For Plaintiffs' economic damages in an amount not to exceed $75,000;

2.   For Plaintiff's noneconomic damages in an amount to be proved at trial;

3. For Plaintiff's attorney fees pursuant to 42 USC § 12132 via 29 USC § 794a;

4. For an order of injunctive relief to remedy the complained acts of discrimination;

5. for their costs and disbursements; and

6. for such other relief as the court deems just.

DATED this 1st day of April, 2020.

                        THE BRAGUE LAW FIRM

                        By /s/  Kevin C. Brague
                            Kevin C. Brague, OSB No. 050428
                            kevin@braguelawfirm.com
                            1205 NW 25th Avenue
                            Portland, Oregon 97210
                            t: 503.922.2243
                            f: 503.877.1768
                            Attorney for Plaintiff